on behalf of Petitioner Appellant Enoch McCurdy. This case involves an unreasonable application of the 14th Amendment requirement of the prosecution to present evidence sufficient to prove every element of a crime beyond a reasonable doubt. To begin, I'd like to start with the irreducible minimum of this case. Let's set aside the issue of whether or not it's clear under Nevada law that someone can aid and abet a crime different from that committed by the principal. Let's set aside the issue of what the mental state requirement is for specific to aid and abet a specific intent crime. What federal constitutional deprivation is involved here? Why are we here? Well, this involves an application of a first and foremost fairly established Supreme Court law as Jackson v. Virginia, that the state must prove every element and in this case, it is, there is certainly a state law question overlay here, but I would submit that even, and the irreducible minimum I was getting to is that even accepting the state's formulation of state court law, there still is no reasonable trier of fact could find Mr. McCurdy guilty of aiding and abetting an implied malice murder. And under cases like Awan v. H.B. Allen, a Ninth Circuit case from 2005, there is no case that talks about the Jackson v. Virginia standard in a 2054 application. That is a cognizable claim in a 2055 motion. So what you're really saying is that you've got to have evidence that meets all the elements. Correct. And otherwise, you have, because if you didn't, you would have a sufficiency of the evidence claim that would be in violation of the U.S. Constitution. That is correct. It would be a violation of the 14th and 5th Amendment, a due process right of an individual to have sufficient evidence presented to convict him of every element of the crime. And another analogous case, I suppose, is Golden v. Hayes, another Ninth Circuit case that came out last year which talks about insufficient proof of an element presented by the state. And also, Golden v. Hayes is significant because it talks about how, and it is a Nevada state court case. The Nevada Supreme Court is, of course, the final arbiter of state court law. But what the Nevada State Supreme Court cannot do is ignore an element of a crime or define the element out of the crime for that specific case. Once again, back to the irreducible minimum. Setting aside, and there's a wealth of problems with this conviction, but let's get down to what is the irreducible minimum. And that is, was Mr. McCurdy convicted of aiding and abetting an implied malice murder? If that is the case under Nevada law, in the light most favorable to the state, whether that would be a general intent crime, and to be guilty of that, the state would have to prove that McCurdy knowingly aided and abetted a target crime that was part of a common scheme and plan, and that the natural and probable consequences of that target crime was an implied malice murder. So even assuming that this is an agenda, that McCurdy could aid and abet a general intent crime that's different from the crime of the principle, under Nevada's natural and probable consequences requirement, which is the aiding and abetting requirement for a general intent crime, you have to raise the sufficiency of the evidence claim in state court, but I'm not sure I understand how you're doing it here. Well, first of all, we're aided by the fact that Nevada Supreme Court specifically held that there was no specific intent to kill on behalf of McCurdy. The Nevada Supreme Court found insufficient evidence of any intent to kill on behalf of Mr. McCurdy. They sustained the conviction based on an implied malice general malignant heart theory of second-degree murder. It's also clear that they know he didn't pull the trigger. Yes, he definitely didn't pull the trigger. The firearm was handed off between 5 and 20 minutes before this almost random person was shot by Joseph Warren. But you don't need intent, correct? Excuse me? You don't need intent for this crime. You do need intent, even under Nevada law. But not the specific malice that you would need. For a specific intent crime? For a specific intent crime. Right. Under Nevada natural and probable consequences doctrine, which is described in Sharma, there needs to have been a common scheme and plan between the principal and the aider and embedder, and that common scheme and plan to commit a target crime. And that, this is where we get to the sufficiency of the evidence. There's no evidence in this record that there was a common scheme and plan between McCurdy and Joseph Warren to commit any crime at all. No target crime.  No evidence of a common scheme or plan. So McCurdy's conviction, there's insufficient evidence that he is guilty. But being in a light most favorable, as we have to do to the verdict, he hands him a gun that's cocked, right? In a light most favorable to the government, yes. To the verdict, what was upheld, which was the government. So he's waving it around and he hands him this gun. Isn't that enough to lay a foundation for the plan element? A plan between him and Warren. Right. A common scheme or plan to commit some target crime. I suppose the idea there is what is the target crime. The Nevada Supreme Court found, this is a factual finding, that there was no intent to kill. So we know that the crime couldn't have been I'm handing you this gun to kill somebody. Right. Because we already have a finding that there's insufficient evidence. Didn't really have to. Under the Nevada law, if you show implied malice, there's sufficient. And I would suggest, I have difficulty saying that, of course, wrong, when you go out and start a fight and then you hand a loaded gun cocked to somebody else, that they could sure employ malice that he really didn't care what happened to those people. Now, doesn't that get, doesn't that provide the answer? You're correct, Your Honor. We aren't, I believe it's highly debatable, but I'm not challenging the Nevada Supreme Court's finding that there was implied malice based on that action. But the problem is that aiding and abetting liability, and it's clearly established by even Supreme Court law, Nye and Eason, that aiding and abetting liability is a dual intent crime. It requires two, two mental state requirements have to be proven by the State, even under Nevada law. Now, here they have proved the mental state requirement, the Nevada Supreme Court has found sufficient evidence that he harbored this general malignant, malignant, depraved heart, implied malice. All right. Poor thought. So what's missing? Mental state one. What's missing is mental state two. Mental state two is that there be this common scheme or plan to commit a target crime. There is no, and this is significant, jury was never instructed that they had to find that. There is no mental state jury instruction at all in this case regarding aiding and abetting liability. And that is significant. But does he have to have a specific intent to, that will be the same as the shooter? That would be, that is one of our arguments, Your Honor. But that, you have difficulty with that under Sharma, don't you? That's a question, an open question under Nevada law that in our opinion has never been resolved. First of all, the principal's crime here, it is beyond refute, is a specific intent crime. He was convicted of premeditated, express, malice, first degree murder. This is the principal, and generally in aiding and abetting liability, it is the principal's crime that designates the contours of aiding and abetting liability. Now, the State raises this question, well, you could be convicted of a lesser included crime, citing this case called Ewish. But what Ewish found, what it said is that you can get a lesser included instruction if you're proffering an argument that you had a specific intent to facilitate a lesser included crime. In other words, we've got the Nevada Supreme Court saying what they said here. I don't think Sharma really matters, because that's an attempt crime, and it's after the fact anyway. But we have, you're saying that this is a narrow issue that hasn't really been decided, but we have the decision of the Nevada court, and we have AEDPA. Could you just walk us through how you would get around the AEDPA bar? Well, the AEDPA requires that we give deference to the Nevada Supreme Court opinion. It's questionable whether or not, and Golden B. Hayes talks about this, whether or not we have to give deference to implicit factual findings or implicit findings of law. And the Nevada Supreme Court is clear in their opinion, never delved into the intricacies of aiding and abetting liability that we're talking about here. Put that aside. And they did make the finding of implied malice. They did. They found in the mental states. So we accept that, right? Yes. Okay. Yes, and that is, and we aren't challenging that. So this is why I began with the irreducible minimum. The irreducible minimum here is that accepting Nevada state law, and even accepting that the Nevada Supreme Court, that their opinion even delved into this issue, you still need, under Nevada Supreme Court law, under the laws and statutes of Nevada, you still need to have this added additional mental state. And there's insufficient evidence in this record of the existence of this mental state in the Nevada Supreme Court, nor the jury, nor anybody has ever found that it exists. And the mental state has to do with targeting a specific crime? The, under Nevada law, for it to aid and abet, Sharma talks about aiding and abetting a specific intent crime. Under Nevada law, and Sharma talks about this a little bit too, to aid and abet a general intent crime, you can, with knowledge, aid the principal to commit a different target crime. And if the principal happens to commit a more serious crime, you are liable for that if the natural and probable consequences of committing the target crime would lead to that conclusion. The example is if you agree, if you make a plan with somebody to commit an aggravated assault on somebody, and the principal assaults the person and ends up killing them, under Nevada law, you could be held liable for that, even though you didn't have specific intent to kill, because you made an aggravated assault. I don't understand how does that implicate the Federal Constitution? Bill, it just, it comes down to, is there sufficient proof of this mental state? Is there sufficient proof of the mental state of the requirement that McCurdy had to make? You could bring anything in here on that theory. Excuse me? You could bring anything in here on that theory. You want to argue about the theory, but you're trying to make it into a matter of proof. But this is a very interesting, this is a very unique set of circumstances here. I mean, under any formulation, what happened here is an extension of aiding and liability to the breaking point. We have a situation where the gun is taken from somebody and they end up shooting an essentially random person with it five to 15 minutes later. And so they're trying to say that Mr. McCurdy, although they agreed he had no intent to kill anybody, is guilty under an aiding and abetting liability theory. And under the unique facts of this case, we are submitting there's insufficient evidence that the mental state requirements of aiding and abetting liability were met by the state. It would be a unique case where you could hope to prevail on a Jackson v. Virginia challenge in Federal Post Conviction 2254 Act. The State court doesn't discuss this issue that you're now discussing, correct? Correct. So we would have to be saying that the State court somehow made a mistake in its own recitation of its own Nevada law. And therefore, since it misinterpreted Nevada law or failed to insert this correct element, that that is a Federal constitutional violation. Doesn't that raise an issue? Yes, but in order to do that, we would basically have to say that the Nevada's court either skipped a step or that it was just wrong in its analysis, right? To some extent, you would. Isn't it an issue of failure to exhaust if the Nevada court hasn't considered the point you're making? How can we consider it? Well, exhaustion requirement doesn't require that the Nevada supreme court actually cogitate upon the issue you present to them, only that they had a fair opportunity to. It isn't unusual that an issue will be presented to a court and it not actually analyze and discuss the issue that's presented to them. Exhaustion doesn't require that the court actually do that because that is outside of the hands of the litigant, what the Nevada supreme court actually does. The question is to overrule the Nevada supreme court. That's how it boils down to. Can you go back to my question, though, about what do we do about the State law interpretation issue? Well, Golden v. Hayes is very analogous to that type of situation where the Nevada supreme court there failed to address the fact that the State didn't prove an element of the offense. And I would point the Court to the analysis in Golden v. Hayes. I only have a minute of my time. I'd like to save that for rebuttal. That's fine. Maybe you could start where Mr. Carr ended, and that is the fact that the Nevada supreme court failed to address or predicate the affirmance of the conviction on this missing element, the so-called mental state. I think we've got to give the Nevada supreme court more credit than that. In the opinion that the Nevada supreme court considered on direct appeal, they dealt with both the appeals of Mr. Warren, who was the co-conspirator, the actual trigger man, and with Enoch McCurdy. In that opinion, they dealt with the fact that Mr. Warren was convicted of first-degree murder, and they found that the evidence was sufficient there. Also, in the very same opinion, they dealt with the fact that Mr. McCurdy was convicted of second-degree murder and found that the sufficiency of the evidence was there. They knew the interaction between the two. They knew that one aided and bedded the other. And so for us to come back and say, oh, they must not have appreciated this subtle, clever claim that, oh, aiding and bedding requires a heightened level of intent, I think shortchanges the Nevada supreme court and at the federal level that we should give the Nevada supreme court deference on that point. We should just start with the fundamental principle to see whether you're in agreement with Mr. McCurdy's counsel. Do you think that for Mr. McCurdy to be convicted, that you need not only implied malice, which the court found, but you need this mental state? Is that an element of the crime for which he was convicted? No, I don't do not feel that you have to have any additional mental state besides what mental state was defined or identified by the Nevada supreme court in their opinion. When they looked at the crime of second-degree murder, which Mr. McCurdy was convicted of, they stated in Nevada law that the malice element can be proved by express or implied malice. And they went on to discuss the issue that a general malignant recklessness of others' lives and safety is the definition of that implied malice. And they found that in Mr. McCurdy's case. They looked at his conduct on the date here where Frank Perkins was shot, how he got these two groups together. There's some discussion about flashing gang signs and the Cobb Street Crips and all. And this guy waving the gun around, I got mine, I got mine. And he gets all these people riled up, throws the gun in the mix, and really doesn't care what happens next. And the court, I think, is objectively, is not objectively unreasonable in looking at a situation like that and deciding that there's sufficient evidence to find that implied malice and that there is at our level here when we're looking at sufficiency of the evidence. Let's give you that point. I think the question was, do you need more than implied malice, as argued by the defendant? And if not, why not? Not for Mr. McCurdy. Because Mr. McCurdy was convicted of second-degree murder. He was not convicted of first-degree murder. His co-conspirator was convicted of first-degree murder. And the jury instructions that were provided to the jury and have not been challenged by Mr. McCurdy or the appellant here, it correctly states in Nevada law that second-degree murder is a lesser-included offense of first-degree murder. As a matter of fact, the only difference between the two is the element of premeditation. And so if we go on with the mentality that there's no way Mr. McCurdy could have been convicted of this lesser-included offense, he'd go on to be convicted of this higher offense. You create a situation where two co-conspirators come together and they create this implied malice situation. They create a situation where there's a general malignant recklessness of others' lives and safety by riling up this fight and having this gun thrown in the mix, and it's going to be used somehow. But we don't care how. I mean, we just really don't care about the safety of other people. And because one of the co-conspirators goes beyond that, not only does he have that general malignant recklessness, but at some point in time, he's focusing in on one individual person, Frank Perkins. Sees him, comes around. He's the guy that has the weapon. And during that split-second period of time, he's deciding, I'm going to shoot and I'm going to kill that person. Just because he elevated his level of intent, he went beyond general malignant recklessness. He actually had premeditation. That's supposed to act as some sort of superseding, intervening cause that Enoch McCurdy could not be found guilty of second-degree murder. Twice now you've referred to him as co-conspirators. This is an aiding and abetting case. Under Nevada law, does it have to be a conspiracy case? No. No, and I was probably using co-conspirator there as in the normal English as opposed to as the legal term. You better stick with legal terms now because that's what we're discussing. I appreciate that. Anyways, my response to Mr. McCurdy having to have an extra element beyond implied malice to be found guilty of second-degree murder, I believe I've explained why I believe he doesn't need to have that. Unless there's any other questions, I would go ahead and move on to another point. Apparently the court in Nevada held that on direct appeal, so there is some law on it. Are there any other Nevada cases that have dealt with that issue specifically? Dealt with which specific issue? Pardon? With which specific issue? The question of whether you need anything in addition to implied malice to be convicted for aiding and abetting a first-degree murder, that you need you don't need anything more than aiding and abetting to be convicted of a second-degree murder. Are there any other cases in Nevada that have dealt specifically with that issue? What I can point you to is Sharma, which we've discussed quite a bit here. And in Sharma, it discussed in NRS 195.020 how aiding and abetting does not require any additional mental state, that no mental state has been defined. Okay? And I believe the reason for that, and it goes through with the Nevada Supreme Court's analysis in Sharma, that it's not like the law of attempt in the State of Nevada. Attempt requires specific intent. Aiding and abetting depends on what the crime of the principle is. Sharma, I believe, stands for the proposition that if the principle is, if the defendant is to be charged with aiding and abetting in a specific intent crime, that he has to have that specific intent also. I think the corollary of that, and it's not addressed directly in Sharma, and it's also, as Mr. Carr suggests, he doesn't find any Nevada law on this particular point either. There isn't anything that clearly comes out and says a general intent crime, the aiding or abetting can also have just general intent, that he has to have specific intent. But see, now we're getting into the question of what is Nevada law. So would you agree that Nevada law, that this question hasn't actually been answered precisely in Nevada law? What I'm saying is in 1991, when this decision was made regarding McCurdy, the questions of Sharma were 11 years away. Okay? And as aiding and abetting law was instructed to the jury in the McCurdy case, it correctly stated what Nevada law was. That aider and abetters are people who assist, who request other people to give advice. Would you go back and answer my question? I thought I was. I'm sorry. I hit on it, but maybe I wasn't very precise. Even as of today, is it an open question as to what degree or mental state an aider and abetter must have if there's not a perfect match between his crime and the principal's crime? I think the Nevada law that would apply would be the Mitchell case, that Sharma overturned in specific intent crimes. In the Mitchell case, it established the idea of the natural consequences of one's actions, that if it's foreseeable that you set this set of events into motion, that if somebody's going to die from this, that you'll be held responsible for that. And so Mitchell, I believe, applies. Sharma only overturned Mitchell related to specific intent crimes. The reasoning in Sharma was they found a situation where the aider and abetters were found guilty, just like the principals, when they had a lower level of intent. I believe Sharma was meant to get at the situation where you have the getaway car driver that's thinking, you know, his cohort's going to run in and steal a six-pack of beer, and when he comes back out, he's got blood all over him, and now he's on the hook for a murder that he wasn't expecting to go on. That is not this case. That is not what we have here in McCurdy. We don't have a defendant, McCurdy, who has no idea of what's going to go on. He brings the gun to the fight. He cocks the weapon. He threatens people. He's seen these people before. He got his fellows to come and back him up. And so this case is not the case that Sharma was trying to address in Nevada jurisprudence. If I could address the question of dual intent that was raised by Mr. Carr, I do also believe that for an aiders and bettors to be liable, that they have to have dual intent with the principle of the crime. And in this particular case, Defendant Warren also had the same level of intent that McCurdy had, and that he created that generally malignant, reckless situation toward the lives of others. Just because he went beyond the fact and even developed a premeditation prior to the killing of Frank Perkins does not negate the fact that under the lesser included standard of implied malice, he also had that implied malice. He could have been convicted for second-degree murder also on an implied malice theory. And so I think that is, in itself, sufficient to fulfill the dual intent requirements of aiding and betting liability. If there's not any other questions, I'll go ahead and see the rest of my time. Thank you. I would note that the government's answer in briefing 16 talks about and concedes that Nevada follows in general intent crimes the natural and probable consequence doctrine, which sets up the dual intent regime, which I believe they finally admitted at the end there. I will also note that in Mitchell, a case that the government just mentioned, which was decided December of last year, the Nevada Supreme Court held that Sharma did not articulate a new rule, that it was just clarifying that this was the law the whole time. Now, aside from the dual mental state requirements that are necessary in the general intent regime, there are a lot of other questions here the Nevada Supreme Court never addressed. How does one aid and abet in a malignant heart murder? It really is almost a nonsensical crime, much akin to what the Nevada Supreme Court held in Keyes. Can one aid and abet a crime that was not, that is different from that committed by the principal? An unclear question under Nevada law. There are a lot of nuances that the Nevada Supreme Court should have gotten into in their opinion, and they simply didn't. They did not address the accomplice liability ramifications of this opinion. And when you put that all aside and you look at the facts of this case, there is just insufficient evidence that Mr. McCurdy harbored the required mental states for conviction. Thank you. Thank you. It was presented to the state court that on appeal, on direct appeal, in their briefs, counsel for McCurdy specifically said that he did not harbor the mental state necessary for conviction under aiding and abetting liability principles. The Nevada Supreme Court just did not address the issue. In their busy court, mistakes were made. But in this case, the case, the mistake turned out to have tried to consequences. Thank you. Thank you, counsel, for your argument. McCurdy v. Hatcher is submitted.
judges: Wallace, Cudahy, McKeown